**IN THE UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF ILLINOIS**
**EASTERN DIVISION**

| | | |
|---|---|---|
| Samuel Karim | ) | |
| | ) | |
| Plaintiff, | ) | No. 15 C 4803 |
| | ) | |
| v. | ) | Judge Virginia M. Kendall |
| | ) | |
| Michael Lemke, et al. | ) | |
| | ) | |
| Defendants. | ) | |

## ORDER

For the reasons set forth below, the Court denies Defendants Regina Beattie, Royce Brown-Reed, and Quinten Tanner's Motion to Dismiss. (Dkt. No. 33.)

## BACKGROUND

The Court takes the following allegations from the Complaint and treats them as true for the purposes of the Defendant's motion. *See Gillard v. Proven Methods Seminars, LLC*, 388 F. App'x 549, 549-550 (7th Cir. 2010).

Karim is currently confined at Stateville Correctional Center. (Dkt. No. 7 at 1.) He sets forth a number of allegations against Tanner, Beattie, and Brown-Reed in his Complaint.

Tanner is the dietary manager at Stateville and is responsible for overseeing inmates' diets and sanitation of the inmates' food and related facilities. (*Id*. at ¶ 9.) The inmates' diet includes a level of soy well over the recommended daily amount. (*Id*. at ¶ 14.) Karim suffered from various ailments due to the diet, including kidney stones, soy toxic poisoning, and gallstones. (*Id*.) In addition, inmates' meals were both transported on unsanitary carts and stored in rodent and mold infested areas that caused Karim additional harm. (*Id*. at ¶ 15.) Brown-Reed is the healthcare unit administrator and is responsible for inspections of each housing unit and food service area. (*Id*. at ¶ 10.) Karim alleges that he was not provided with adequate cleaning supplies and therefore was unable to clean his living space, leading to unsanitary living conditions. (*Id*. at ¶¶ 17-19.) Due to those conditions and the resulting dust mites, Karim suffered of symptoms and other harms. (*Id*. at ¶¶ 21-22.) Karim also lists a number of other sanitation issues in the housing unit, including the existence of a number of dangerous conditions such as mold (*id*. at ¶ 22), lead (*id*. at ¶ 29), and vermin (*id*. at ¶¶ 52-59). Beattie is the pharmacist at Stateville and is responsible for ordering and filling the inmates' prescriptions. (*Id*. at ¶ 12.) Karim states that his prescription refilling was repeated delayed and that he was also subjected to other inadequate medical care. (*Id*. at ¶¶ 77; 64-67.) Karim has raised these issues to the prison administration through the institutional grievance process on numerous occasions. (*Id*. at ¶¶ 16; 68-69.)

## LEGAL STANDARD

A complaint must contain sufficient factual matter to state a claim to relief that is plausible on its face to survive a 12(b)(6) challenge. *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). A claim is plausible on its face when the complaint contains factual content that supports a reasonable inference that the defendant is liable for the harm. *Id.* The complaint should be dismissed only if the plaintiffs would not be entitled to relief under any set of facts that could be proved consistent with the allegations. *See Visiting Nurses Ass'n of Southwestern Indiana, Inc. v. Shalala*, 213 F.3d 352, 354 (7th Cir. 2000). In making the plausibility determination, the Court relies on its "judicial experience and common sense." *McCauley v. City of Chicago*, 671 F.3d 611, 616 (7th Cir. 2011) (quoting *Iqbal,* 129 S.Ct. at 1950). "Allegations of a pro se complaint are held 'to less stringent standards than formal pleadings drafted by lawyers....'" *Alvarado v. Litscher*, 267 F.3d 648, 651 (7th Cir. 2001) (citing *Haines v. Kerner*, 404 U.S. 519, 520, 92 S.Ct. 594, 30 L.Ed.2d 652 (1972) (per curiam)). As such, "*pro se* complaints are to be liberally construed." *Wilson v. Civil Town of Clayton, Ind.*, 839 F.2d 375, 378 (7th Cir. 1988). For purposes of this motion, this Court accepts all well-pleaded allegations in the complaint as true and draws all reasonable inferences in the non-movant's favor. *See Yeftich v. Navistar, Inc.*, 722 F.3d 911, 915 (7th Cir. 2013).

## DISCUSSION

Defendants Beattie, Brown-Reed, and Tanner, in a short five page motion, move to dismiss on two grounds: first, that Karim has not set forth sufficient facts indicating that any of the three were directly or personally involved in creating the circumstances that caused him harm, and second, that Karim has not sufficiently alleged that he suffer a constitutional harm. (Dkt. No. 33 at 2-5.)

Turning to the first argument, and taking into account the liberal construction required due to Karim's *pro se* status, the Court holds that Karim has alleged sufficient facts directly linking the Defendants to the harmful conditions. As both parties have recognized in their briefing, "[f]or a defendant to be liable under § 1983, he or she must have participated directly in the constitutional violation." *Hildebrandt v. Illinois Dep't of Nat. Res.*, 347 F.3d 1014, 1039 (7th Cir. 2003). "[A]n official satisfies the personal responsibility requirement of section 1983 ... if the conduct causing the constitutional deprivation occurs at [his] direction or with [his] knowledge and consent. That is, he must know about the conduct and facilitate it, approve it, condone it, or turn a blind eye." *Id.* (citing *Gentry v. Duckworth*, 65 F.3d 555, 561 (7th Cir.1995) (internal quotation marks and citations omitted)). Here, Karim has alleged that each of the moving Defendants were either responsible or in charge of some condition that caused him harm.[1] Moreover, Karim has alleged, and the Defendants do not dispute, he raised these issues with the prison administration via the grievance process many times (and to apparently no avail).

---

[1] Karim alleges that Tanner, who is in charge of food sanitation and dietary concerns, violated his constitutional rights when he acted with deliberate indifference towards a number of conditions such as unsanitary food transportation and an unhealthy diet. (Dkt. No. 7 at ¶ 76.) Similarly, Karim alleged that Beattie, the Stateville pharmacist, violated his constitutional rights by repeatedly delaying the filling and delivery of his medicine. (*Id*. at 77.) Finally, Karim contends that Brown-Reed, who is the healthcare unit administrator, violated his rights by failing to provide adequate cleaning supplies and failing to adequately address a number of other sanitation related issues.

(Dkt. No. 7 at ¶¶ 68-69.) Taking all reasonable inferences in the non-movant's favor, the Court infers, based on those grievances, that all of the moving Defendants were aware of the various issues and nevertheless failed to address them, effectively turning a "blind eye." *Hildebrandt*, 347 F.3d at 1039. As such, the Court rejects the Defendants' first contention.

Moving to the second dispute, the Court holds that Karim has alleged sufficient facts to support a finding that he suffered a constitutional harm. Defendants take the position that Karim has failed to show that he suffered a sufficiently serious harm under the Constitution.[2] Here, it is certainly plausible that the numerous allegedly inadequate conditions, including unsanitary cooking and living quarters, the constant presence of vermin, and failure to adequately provide basic cleaning items, taken all together, would amount to an unconstitutional condition of confinement. *Dixon v. Godinez*, 114 F.3d 640, 644 (7th Cir. 1997) (providing that a condition that may not ordinarily violate the Eighth Amendment may nonetheless do so if in combination with other factors). Further, the Court rejects any contention that the harm Karim suffered – including gallstones, asthma, and aggravated diabetes (*see* Dkt. No. 46 at 2) – does not amount to a constitutional harm. *See, e.g., Garvin v. Armstrong*, 236 F.3d 896, 898 (7th Cir.2001) (Court assuming that plaintiff's asthmatic condition was sufficiently serious); *Morris v. Ghosh*, No. 08 C 4518, 2012 WL 394191, at *1 (N.D. Ill. Feb. 6, 2012) (parties not disputing that plaintiff diagnosed with asthma and diabetes, among other conditions, met the objective prong analysis). In addition, at this stage of the proceeding, the Court finds that it is plausible that Defendants' failure to address the inadequate conditions and delay in providing medicine could have exacerbated the harm that Karim suffered.

## **CONCLUSION**

For the reasons set forth above, the Court denies Defendants Regina Beattie, Royce Brown-Reed, and Quinten Tanner's Motion to Dismiss. (Dkt. No. 33.)

Virginia M. Kendall
United States District Court Judge
Northern District of Illinois

Date: 3/10/2016

---

[2] The sufficiently serious harm analysis is part of the larger Eighth Amendment inquiry regarding deliberate indifference. *See, e.g., Pyles v. Fahim,* 771 F.3d 403, 408 (7th Cir. 2014). While the general analysis has both objective and subjective prongs, the Defendants here only challenge the objective prong, *i.e.* whether, from an objective standpoint, the alleged harm was sufficiently serious under the Constitution. *Id*.

3